In the Matter of MARCHESIA W., a Child Alleged to be Permanently Neglected. JEFFERSON COUNTY DEPARTMENT OF

SOCIAL SERVICES, Respondent; MARCOS W. et al., Appellants. [701 NYS2d 217] —Order unanimously affirmed without costs. Memorandum: Respondents appeal from an order of disposition adjudging their daughter to be a permanently neglected child and terminating their parental rights, freeing her for adoption. As the result of a stipulated order of disposition, respondents' daughter had been in foster care since she was three months old. That order resulted from a petition alleging that respondents abused their daughter, resulting in her admission to a hospital with eight or nine broken ribs. There is no merit to respondents' contention that petitioner, Jefferson County Department of Social Services (DSS), failed to demonstrate that it exercised diligent efforts to strengthen the parent-child relationship (see, Matter of Gregory B., 74 NY2d 77, 86; Matter of Jamie M., 63 NY2d 388, 390). DSS established that the caseworker made appointments for respondents for a psychological evaluation, recommended counseling and offered to make appointments for respondents, enrolled respondents in parenting classes, arranged for visitations between respondents and their daughter and provided transportation for those visits. After respondents relocated to Texas, the DSS caseworker attempted on two occasions to have their daughter transferred to an appropriate placement in Texas.

Family Court also properly concluded that DSS proved by clear and convincing evidence that respondents had failed to plan for the future of their daughter. Despite diligent efforts by DSS, respondents failed to comply with the terms of the stipulated order of disposition. After respondents moved to Texas, they did not visit with their daughter for 11 months. Although respondents kept in touch with the caseworker and the foster mother by telephone and made some efforts to attend parenting classes and counseling in Texas, the court found that those efforts were "too little too late", and was not satisfied that respondents had resolved the issues that led to the placement of their daughter. (Appeals from Order of Jefferson County Family Court, Hunt, J.—Terminate Parental Rights.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.